HON. HELEN AMDUR Village Attorney, Lansing
We acknowledge receipt of your letter requesting our opinion whether a village may pass a local law prohibiting the "carrying of a firearm, shotgun, rifle or air gun afield, whether loaded or unloaded, within * * *" a part of the village with a provision that the prohibition shall not apply in the following circumstances:
"1. in discharge of official duty
"2. self-defense
 "3. by a property owner or a member of his family on his property
 "4. by those authorized by the property owner on his own property. Anyone so authorized by a property owner must carry such written authorization on his person whenever hunting."
The only statutory provision we find relating to the power of a village to regulate the display of firearms is General Municipal Law § 139-d, but that section of the law in subdivision 2 states that the regulations authorized by that section "shall not apply to the personal possession, use or ownership of firearms or ammunition therefor."
In our opinion, a village may not prohibit the carrying of a firearm, shotgun, rifle or air gun within the village.
Control, regulation and licensing of hunting and fishing is a function reserved exclusively to the State (see enclosed copies of 1957 Op. Atty. Gen. 201; 1957 Op. Atty. Gen. [Inf.] 109; and 1972 Op. Atty. Gen. 215) but, nevertheless, a village, under the police power granted to it for the promotion of the health, comfort, safety and welfare of society may, by a fair, just and reasonable statute, prohibit the discharge of firearms within the village or within densely populated areas thereof. However, such prohibition, in order to be fair, just and reasonable, would have to apply to all persons and could not except from the prohibition the owners of property or licensees of such owners for, if it is hazardous for members of the general public to discharge firearms in a certain area if they do not own the property where the firearm is discharged, it would be equally hazardous for the owner of the premises or a licensee to discharge a firearm there. Such local regulation would, in effect, amount to municipal control and regulation of hunting under the guise of exercise of the police power. It would be tantamount to municipal posting of private land. This can not be done. See enclosed copy of a formal opinion reported in 1953 Op. Atty. Gen. 151. Posting of lands may only be done pursuant to Environmental Conservation Law Article 11, Title 21 (§§ 11-2101 through 11-2117).
In our opinion, the discharge of firearms in the village may, under the proper circumstances, be forbidden but the prohibition would have to apply to all alike except, of course, it should not apply to peace officers when it is necessary in the performance of their duty.